DECISION
Defendants-appellants David and Jenett Rochester have taken the instant appeal from the entry of summary judgment for plaintiff-appellee MRK Enterprises, Inc., d.b.a. Captain's Cove Marine ("MRK"), on MRK's complaint and on three of the Rochesters' seven counterclaims. The Rochesters advance on appeal four assignments of error. We do not reach the merits of the challenges presented on appeal, because the entry from which the appeal derives is not a final order.
In July of 1998, MRK filed an action against the Rochesters in Hamilton County Municipal Court, seeking damages incurred as a consequence of the Rochesters' alleged breach of their contractual obligation to pay a delivery fee and sales tax in connection with their purchase of a boat. The Rochesters responded with an answer and seven counterclaims. In their first and second counterclaims, the Rochesters stated claims for breach of contract, based upon MRK's alleged failure to deliver the boat in April 1998 and to provide a twenty-percent discount on improvements to the vessel. The Rochesters predicated their third, fourth and fifth counterclaims upon the Consumer Sales Protection Act, R.C. 1345.01et seq. ("CSPA"), and upon MRK's alleged failure to provide an estimate or to secure authorization prior to installing the boat's improvements, and its alleged failure to secure authorization prior to charging the improvements to the Rochesters' credit card. The unauthorized credit-card charges also provided the fundament for the Rochesters' sixth counterclaim, in which they sought, pursuant to R.C. 2307.60, civil damages allegedly incurred as a consequence of MRK's commission of a theft offense. Finally, in their seventh counterclaim, the Rochesters sought damages for trespass, based upon the "joyriding expedition" allegedly undertaken by family and friends of the MRK employee charged with the responsibility of delivering the boat.
The Rochesters subsequently moved for summary judgment on their three CSPA claims and on their civil theft claim. MRK, in turn, moved for summary judgment on its complaint and on the Rochesters' breach-of-contract and trespass claims. On July 29, 1999, following a hearing, the trial court entered summary judgment for MRK on its complaint and on the Rochesters' contract and trespass claims, denied summary judgment for the Rochesters on their CSPA and theft claims, and certified, pursuant to Civ.R. 54(B), that "[t]here [was] no just reason for delay." From that entry, the Rochesters have appealed.
Section 3(B)(2), Article IV of the Ohio Constitution confers upon a court of appeals "such jurisdiction as may be provided by law to review and affirm, modify, or reverse [a] judgment or final order of [a] court of record inferior to the court of appeals within the district * * * ." R.C. 2505.03(A) limits the jurisdiction of a court of appeals to review of a "final order, judgment or decree." R.C. 2505.02 defines a "final order," in relevant part, as "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment."
When, as here, an action involves multiple claims, Civ.R. 54(B) authorizes the trial court to do the following:
 * * * enter final judgment as to one or more but fewer than all of the claims * * * [, but] only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims * * * shall not terminate the action as to any of the claims * * * , and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims * * *.
Civ.R. 54(B) certification cannot transform a nonfinal order into an appealable order. It can, however, render appealable a final order entered in an action involving multiple claims, when that order adjudicates fewer than all the claims. See Wisintainer v.Elcen Power Strut Co. (1993), 67 Ohio St.3d 352, 354,617 N.E.2d 1136, 1138.
The July 1999 entry from which the Rochesters have appealed disposed of only three of their seven counterclaims. It did not "in effect determine the action [or] prevent a judgment" on the three CSPA counterclaims or the theft counterclaim. The entry, therefore, is not a "final order" and is thus unaffected by the trial court's Civ.R. 54(B) certification. We are, accordingly, without jurisdiction to entertain this appeal, and, for that reason, the appeal is dismissed.
 __________________________ Per Curiam.
 Hildebrandt, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.